UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

OWEN HARTY, Individually,                         :
                                                  :
        Plaintiff,                                :
                                                  :
v.                                                :        Case No.
                                                  :
GRANT PLAZA ACQUISITION, L.P., a                  :
Delaware limited partnership,                     :
                                                  :
        Defendant.                                :
_____         :
                                                  :
                                                  :

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, GRANT PLAZA ACQUISITION, L.P., a Delaware limited partnership, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.  Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is mobility impaired and is bound to ambulate in a scooter or with other assistive devices.

2.  Defendant's property, Grant Plaza I & II, 1651-1681 Grant Avenue, Philadelphia, PA 19115-3149, is located in the County of Philadelphia.

3.  Venue is properly located in the EASTERN DISTRICT OF PENNSYLVANIA  because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public. Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation

that the Defendant owns, operates, leases or leases to is known as Grant Plaza I & II, 1651-1681 Grant Avenue, Philadelphia, PA 19115-3149.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Grant Plaza I & II not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Grant Plaza I & II has shown that violations exist. These violations include, but are not limited to:

    i. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

    ii. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

3

    iii.  There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with non-compliant changes in level, areas accessible only by stairs, lack of compliant ramps,  lack of direct route to compliant curb approaches.

    iv.  There is an insufficient number of compliant parking spaces and access aisles, with missing signage, lack of compliant signage, missing access aisles, lack of direct route to compliant curb approaches.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et

seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross

receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Grant Plaza I & II to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

   a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

   b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of

the Americans with Disabilities Act.

Respectfully Submitted,

By: _____

Daniel A. Pallen, Esquire
Of Counsel
Thomas B. Bacon, P.A.
114 W. Front Street
Media, PA. 19063
Ph. 484-550-7542
Fax: 484-550-7532
Pa. Bar. No. 207001

Thomas B. Bacon
Thomas B. Bacon, P.A.
644 N. Mc Donald Street
Mount Dora, Florida 32757
Ph. 954-478-7811
tbb@thomasbaconlaw.com
Pa. Bar. No. 56289